**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **MARK SKILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:18-cv-176** |
| | ) | |
| **SAFECO INSURANCE COMPANY OF ILLINOIS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Safeco Insurance Company of Illinois (hereinafter "Safeco") hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Knoxville Division. As grounds for this removal, Safeco states as follows:

## INTRODUCTION

1. On or about April 9, 2018, Plaintiff Mark Skillman ("Plaintiff") commenced a civil action against Safeco in the Chancery Court for Knox County, Tennessee, pending there as Case Number 195637-3. The Chancery Court for Knox County is a Tennessee state court within this judicial district and division.

2. Plaintiff served a copy of the Summons and Complaint on the Tennessee Department of Commerce and Insurance on April 17, 2018. The Tennessee Department of Commerce and Insurance thereafter served the Corporation Service Company with a copy of the Summons and Complaint on May 2, 2018, which it transmitted onto Safeco. Therefore, this Notice of Removal is timely filed.

3. Pursuant to 28 U.S.C. § 1446, true and correct copies of all pleadings in Safeco's possession that have been filed in the state court pertaining to this matter as of this date are collectively attached hereto as **Exhibit 1**.

## DIVERSITY JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

6. Plaintiff is a citizen and resident of Knox County, Tennessee. *See* Complaint at ¶ 1.

7. Safeco Insurance Company of Illinois is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

8. Thus, the diversity of citizenship requirement is met in this case.

**AMOUNT IN CONTROVERSY**

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. Plaintiff brought this action due to Safeco's denial of Plaintiff's claim for damages allegedly occurring when the below listed five (5) vehicles (the "Vehicles")" allegedly owned by Plaintiff were sold by Wallace Turner of Lenoir City, Tennessee, without Plaintiff's consent (the "Alleged Loss"):

a. 1977 Chevrolet Corvette bearing VIN No. 1Z37X7S426050;

b. 1990 Buick Regatta bearing VIN No. 1G4EC33C0LB907078;

c. 1987 Mazda RX7 bearing VIN No. JM1FB3326E0836129;

d. 1995 Chevrolet Monte Carol bearing VIN No. 2G1WX12X1S9304378; &

e. 1994 Saab 900S bearing VIN No. YS3AK76E5R7003225.

*See* Complaint at ¶¶ 12-13, Ex. D.

11. Plaintiff alleges that Safeco was required to compensate Plaintiff for the damages claimed in the Alleged Loss under the terms of the Tennessee personal automobile insurance policies in effect between Plaintiff and Safeco, his insurer, regarding the Vehicles, which bore the following policy numbers: F1201091, F1207762, F2202904, and F1383150. ("the Policies"). *Id.*; Ex. A.

12. Specifically, Plaintiff alleged that Safeco refused "without justification to pay Plaintiff the whole or any portion of" the Alleged Loss, but also references that judgment should

be entered against Safeco in accordance with Tenn. Code Ann. § 56-7-105 due to its failure to compensate Plaintiff under the Policies for the Alleged Loss, in addition to seeking an award of reasonable attorneys' fees from Safeco. *Id.* at ¶¶ 13 and Prayer for Relief.

13. Although Plaintiff's Complaint fails to specify an amount of compensatory damages, bad faith damages, or reasonable attorneys' fees sought in the Prayer for Relief, Plaintiff alleges that "under the terms and conditions [of the Policies], Safeco owed Plaintiff "the sum of up to $70,000.00"." *Id.* at ¶ 13.f. Just below this reference in the Complaint, Plaintiff again alleges the "sum of up to $70,000.00 has neither in whole nor in part been paid… ." *Id.* at ¶ 13.h.

14. While Safeco disputes it acted in bad faith and it disputes that Plaintiff is entitled to damages under Tenn. Code Ann. § 56-7-105, it is proper for the court to consider Plaintiff's claims for bad faith damages in calculating the amount in controversy. Tenn. Code Ann § 56-7-105 permits an insured to recover damages, in addition to the loss, in an amount not to exceed 25% of the liability of the loss if the court determines that "the refusal to pay the loss was not in good faith, and the failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy." *See* Tenn. Code Ann. § 56-7-105(a). In this case, with regard to the statutory penalty, the amount in controversy regarding Plaintiff's bad faith claims is at least $17,500.00, due to Plaintiff's demand for recovery of "up to $70,000."

15. "[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the" jurisdictional threshold of $75,000. 28 U.S.C. § 1446(c)(2)(B); *see also Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993); *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000). This "preponderance of the evidence" standard

"does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Instead, "[i]t is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)).

16. Importantly, "[t]he amount in controversy is measured at the time the complaint was filed." *Randall v. Pitzer*, 23 F. App'x 532, 533 (6th Cir. 2001) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990)). Put another way, when determining whether this Court has diversity jurisdiction, the issue is whether such jurisdiction existed "at the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Brusseau v. Elec. Data Sys. Corp.*, 694 F. Supp. 331, 333 (E.D. Mich. 1988).

17. Courts of the Sixth Circuit have held that "[w]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. Ohio Feb. 4, 2011) (citing *Lodal, Inc. v. Home Ins. Co. of Ill.*, 1998 U.S. App. LEXIS 12841, at *2 (6th Cir. June 12, 1998)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

18. In the Sixth Circuit, "it is well established that the plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Hubbard v. Elec. Arts, Inc.*, 2011 WL

2792048, at *2 (E.D. Tenn. July 18, 2011) (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007); *see also Homoki v. Rivers Edge Tree Stands*, 2012 WL 6631043, at *1 (N.D. Ohio Dec. 19, 2012). "Accordingly, subject to a 'good faith' requirement in pleading, a plaintiff may sue for less than the amount [he] may be entitled to if [he] wishes to avoid federal jurisdiction and remain in state court." *Proffitt v. Abbott Labs.*, 2008 WL 4401367, at *2 (E.D. Tenn. Sept. 23, 2008) (citing *Smith*, 505 F.3d at 407).

19. Normally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). That general rule does not apply, however, if the initial pleading seeks "a money judgment, but the State practice either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). *See Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 2670892, at *4–5 (M.D. Tenn. June 21, 2017).

20. In this regard, "under Tennessee law, the plaintiff would be permitted to recover damages in excess of the amount demanded." *Beasley*, 2017 WL 2670892, at *4 (citing *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that Rule 54.03 of the Tennessee Rule of Civil Procedures is analogous to Rule 54(c) of the Federal Rules of Civil Procedure, both of which permit a party "to recover damages in excess of what she prayed for")).

21. Indeed, the *Beasley* court ruled that a plaintiff' demand for "[s]uch other and further relief to which [he] may be entitled" evidenced a request for a recovery in excess of the amount demanded. *Beasley*, 2017 WL 2670892, at *4. Here, Plaintiff has similarly requested "… such other, further and general relief to which he is entitled." Complaint at Prayer for Relief, ¶ F.

22. Again, Safeco submits that Plaintiff's allegations make clear that at least $70,000.00 is in controversy regarding compensatory damages sought in this claim. *See* Complaint at ¶ 13. f. & h.

23. In addition to $70,000 in compensatory damages, Plaintiff also clearly the following relief:

- "a judgment be entered ordering [Safeco] to pay to Plaintiff for his losses and damages in an amount up to such as afforded under Tenn. Code Ann. § 56-7-105." *Id.* at Prayer for Relief, ¶ C (whereby Plaintiff is permitted to recover a bad faith penalty, in the event bad faith is found, of up to 25% of the liability of the loss);

- an award of reasonable attorneys' fees. *Id.* at Prayer for Relief, ¶ D;

- "… such other, further and general relief to which he is entitled." *Id.* at Prayer for Relief, ¶ F.

24. Based on the above, Safeco submits that Plaintiff seeks to recover at least $87,500.00 in this action. As a result, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

**JURISDICTIONAL REQUIREMENTS**

25. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

26. Safeco has not previously removed this action and has heretofore sought no similar relief.

27. Safeco reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

28. Safeco hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. §

1446(d). Safeco has also filed a copy of this Notice of Removal with the Clerk and Master of the Chancery Court for Knox County, Tennessee, as provided by law.

Respectfully submitted,

*/s/ Brian C. Neal*
Brian Neal (BPR #022532)
J. Matthew Kroplin (BPR #027363)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3290

*Attorneys for Defendant Safeco Insurance Company of Illinois*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of May 2018, I served a copy of the foregoing *Notice of Removal* via U.S. mail on the following:

Garrett P. Swartwood
Taylor D. Forrester
Long, Ragsdsale & Waters, P.C.
1111 Northshore Drive, Suite S-700
Knoxville, TN 37919-4074

*/s/ Brian C. Neal*