# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **MARK SKILLMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:18-CV-176 |
| ) | Demand for Jury Trial |
| **SAFECO INSURANCE** ) | |
| **COMPANY OF ILLINOIS,** ) | |
| ) | |
| **Defendant.** ) | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Comes the Plaintiff, Mark Skillman, ("Plaintiff") by and through counsel, and files this Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 15 (a)(1)(B) and brings this cause of action against the Defendant, Safeco Insurance Company of Illinois, and for his causes of action states the following:

1. The Plaintiff, Mark Skillman ("Plaintiff") is a natural person who resides in Knox County, Tennessee.

2. The Defendant, Safeco Insurance Company of Illinois ("Defendant"), is an insurance company authorized to do business in the state of Tennessee. Defendant can be served though the Tennessee Commissioner of Insurance as its agent for service of process.

3. Jurisdiction of the parties and venue for the filing of the determination of the issues in this Declaratory Judgment and Breach of Contract action is appropriate in the Eastern District of Tennessee.

4. Defendant is engaged in the business of selling property and liability insurance policies to individuals throughout the State of Tennessee.

5. This action is brought for declaratory judgment and Breach of Contract to determine the respective rights and obligations between the parties pursuant to an insurance contract and the provisions of Tennessee Code Annotated §§ 29-4-101, *et seq.*, and Rule 57 of the <u>Tennessee Rules of Civil Procedure</u>, and there is an actual controversy of a justiciable nature that now exists between the parties.

5. Defendant, in consideration of a premium to be paid and paid to it by Plaintiff, made and delivered to Plaintiff its policies of insurance, numbered F1383150; F1201091; F1207762; and F2202904 (collectively, the "Insurance Policies"), wherein Defendant insured Plaintiff for up to an amount not exceeding $70,000.00 upon the five automobiles described in the Insurance Policies as follows: (1) 1977 Chevrolet Corvette; (2) 1990 Buick Regatta; (3) 1984 Mazda RX7; (4) 1995 Chevrolet Monte Carlo; and (5) a 1994 Saab 900S (collectively, the "Insured Automobiles"), against the comprehensive loss, other than collision, by theft or larceny.

6. The Insurance Policies provided values, some of which were agreed and others being based on fair market, for the Insured Automobiles.

7. A true and correct copy of the Insurance Policies and all endorsements are attached hereto collectively as **Exhibit A** and incorporated herein by reference.

8. The Insurance Policies also provided that in the event of loss, Plaintiff shall provide notice of such loss as soon as practicable to Defendant or any of its authorized agents and also, in the event of theft, notice shall be provided to the police, and further that Plaintiff shall render a sworn statement to Defendant, stating the interest of Plaintiff and of all others in the property, the value of the property, the amount of loss or damage, use of property at time of loss, and furnish a statement of claimed loss and damage to property.

9. At the time of the effective date of the Insurance Policies and continuously to the time of the theft and loss of the Insured Automobiles (the theft and loss being hereinafter described), they were not used in any manner that would exclude coverage afforded under the Insurance Policies.

10. The Insurance Policies were the only contracts insuring Plaintiff against loss by theft and larceny of the Insured Automobiles.

11. In or about September of 2015, and while the Insurance Policies were in full force and effect, the Insured Automobiles were totally lost by the theft.

12. The facts that give rise to Plaintiff's claim for loss under the Insurance Policies are as follows:

    a. Over a period of several years, Plaintiff brought numerous old and antique automobiles to Wallace Turner's ("Turner") business located at 1808 Riverview Road, Lenoir City, Tennessee ("Turner Property"). Turner advertised himself as an automobile mechanic operating a business known as Turner Import Automotive at the Turner Property.

    b. During this period of time, Plaintiff also brought the Insured Automobiles to the Turner Property.

    c. Turner promised to work on the various automobiles from time to time and he performed work on a few of the vehicles; however, Turner failed or refused to perform work on many of the automobiles that remained on the Turner Property. Plaintiff paid Turner for all of the work performed, and usually in advance.

    d. Eventually, Turner apparently stopped performing work on the Plaintiff's automobiles, despite Plaintiff's insistence that work be performed. Plaintiff demanded the return of the automobiles, including the Insured Automobiles.

e. On or about January 5, 2015, Plaintiff attempted to remove his automobiles, including the Insured Automobiles, from the Turner Property, but Turner refused to allow Plaintiff to recover the vehicles.

f. After some demands and negotiations by and through counsel, Plaintiff discovered that Turner unlawfully sold most of the automobiles, including the Insured Automobiles, without Plaintiff's permission or authority in or about December of 2015.

g. Although Plaintiff still held title to the automobiles, including the Insured Automobiles, they had been sold and delivered unlawfully by Turner and are no longer in Turner's possession.

h. Promptly after the discovery of the theft, Plaintiff made a thorough search and notified the Loudon County Sheriff's Department and reported the theft of the automobiles, including Insured Automobiles, by Turner.

i. Plaintiff had entrusted Turner with the Insured Automobiles, which were insured in an amount up to approximately $70,000.00.

j. On December 31, 2015, Plaintiff filed a Complaint against Turner in the Chancery Court for Loudon County, Tennessee ("Turner Lawsuit").

k. A true and correct copy of the Complaint filed in the Turner Lawsuit is attached hereto as **Exhibit B**.

l. The Turner Lawsuit is presently set for trial in August of 2018.

13. The facts that give rise to Plaintiff's causes of action against Defendant in the instant matter are as follow:

a. Plaintiff incorporates the above paragraphs and sub-paragraphs by reference as if fully reiterated and restated herein below.

b. On or about December 15, 2015, Plaintiff gave verbal notice of the theft to Defendant's agents who held the Insurance Policies.

c. Following discussions with an agent of Defendant, Plaintiff also notified the Loudon County Sheriff's Department and reported the theft by Turner.

d. On May 19, 2016, Plaintiff submitted his affidavit to Defendant describing the theft of the Insured Automobiles.

e. A true and correct copy of Plaintiff's affidavit is attached hereto as **Exhibit C**.

f. Plaintiff has complied with Defendant's investigation and submitted all requested information and documentation evidencing his claim under the Insurance Policies.

g. Under the terms and conditions of the Insurance Policies, there became due and payable to Plaintiff by Defendant the sum of up to approximately $70,000.00.

h. The Insurance Policies, in pertinent part, provide on pages 12-13 as follows:

**PART D — COVERAGE FOR DAMAGE TO YOUR AUTO**

**INSURING AGREEMENT**

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including its equipment, any child's safety seat in use in **your covered auto** or **non-owned auto**, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

 **1.** Other than **collision** only if the declarations indicate that comprehensive coverage is provided for that automobile.

 **2.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto

\*

    **B.**    **"Collision"** The upset of your covered automobile or a non-owned automobile or its impact with another vehicle or object.

    **"Comprehensive"** means loss, other than collision to **your covered auto** or any **non-owned auto**. Losses caused by the following are not **collision** losses but are **comprehensive** losses.

    Loss caused by missiles or falling objects; fire; ***theft or larceny*** (emphasis added); ………

14. The sum of up to approximately $70,000.00 has neither in whole nor in part been paid, although Plaintiff, shortly after ascertainment of Defendant's liability, and frequently thereafter, demanded payment by Defendant.

15. Defendant has failed to issue payment to satisfy Plaintiff for the losses and therefore has failed to timely honor the insured claims.

16. On or about September 1, 2016, Attorney for the Plaintiff, Garrett Swartwood, sent an email correspondence to Defendant's agent, Gregory Gude, concerning various letters by the Defendant requesting the vehicles that were covered under the policy be transported to their salvage yard before payment could be issued. Mr. Swartwood explained in the email that this was impossible as the vehicles were stolen attached hereto as **<u>Exhibit D</u>**.

17. On or about September 1, 2016, after the email correspondence Mr. Swartwood and the Defendant's agent Gregory Gude had a telephone conversation, wherein Mr. Gude explained that the letters were merely form letters. Mr. Gude promised payment for the Plaintiff's stolen vehicles, provided the titles were furnished to Defendant. Mr. Swartwood was told over the telephone by Mr. Gude as the agent for the Defendant that Defendant had agreed to pay the claim for the stolen

vehicles pursuant to the policy as demonstrated by the follow-up email promising payment once the "original signed titles" were received. **Refer to Exhibit D**.

18. On or about September 2, 2016, Mr. Swartwood mailed out the "original signed titles" as requested. **Refer to Exhibit D**.

19. On or about April 10, 2017, after nonpayment of the claim by the Defendant, Attorney Garrett Swartwood on behalf of the Plaintiff emailed and mailed formal notice pursuant to Tennessee Code Annotated § 56-7-105 of the Plaintiff's intent to bring a bad-faith claim against the Defendant if the claims were not paid in full within the next (60) days from receipt of the letter.

20. A true and correct copy of the April 10, 2017 notice and its enclosures are attached hereto. **Refer to Exhibit D.**

21. On or about May 3, 2017, Defendant denied any and all liability to Plaintiff under the Insurance Policies, because it determined Plaintiff's claims do not meet the definition of a theft.

22. A true and correct copy of Defendant's May 3, 2017 correspondence is attached hereto as **Exhibit E**.

23. Defendant has failed to issue payment to satisfy Plaintiff for the losses, not only pursuant to the original demand on the policy but it's breach of the September 2016 agreement to pay said claims and therefore has failed to timely honor the insured claims and contract/agreement.

24. Defendant refuses without justification to pay Plaintiff the whole or any portion of his loss.

WHEREFORE, the Plaintiff prays that:

A. Proper process issue and be served upon Defendant, requiring it to answer this Complaint for Declaratory Judgment and Breach of Contract, within the time allowed by law;

B. The Plaintiff demands a jury to try this case and render judgment against the

Defendant;

C. At a hearing on this cause, Plaintiff be granted judgment in its favor, and that the Jury declare that Defendant has the obligation and liability to afford coverage under the aforementioned contracts of insurance and agreement to pay, with respect to or because of the claims of Plaintiff contained herein;

D. A judgment be entered ordering Defendant to pay to Plaintiff for his losses and damages in an amount up to such as afforded under Tennessee Code Annotated § 56-7-105;

E. Plaintiff be awarded his reasonable attorney fees;

F. The Court tax the costs of this action, including discretionary costs, against the Defendant; and

G. Plaintiff have such other, further and general relief to which he is entitled.

Respectfully Submitted this the 30th day of May 2018.

Filed By: s/ *Michael C. Inman*
Counsel for Defendant
BOPR No. 022858
9111 Cross Park Drive, Ste. E290
Knoxville, TN 37923
Phone: (865) 470-4770
Fax: (865) 470-4870
Email: michael@inmanandstadler.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may gain access to this filing through the Court's electronic filing system.

s/ *Michael C. Inman*
Attorney for Defendant